**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROY HAWU; SIMSON HAWU, | No. 09-73836 |
| Petitioners, | Agency Nos. A096-347-798 |
| | A095-629-880 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Roy Hawu and Simson Hawu, natives and citizens of Indonesia, petition for

review of the Board of Immigration Appeals' order dismissing their appeal from an

immigration judge's decision denying their applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's finding that petitioners failed to demonstrate the harms they experienced as Chinese Christians in Indonesia, including thefts, attempted thefts, and various incidents of vandalism, rose to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (concluding no past persecution where petitioner, a Chinese Christian from Indonesia, testified to various incidents of harassment, denial of medical care, arrest and detention, and a mob beating due to his ethnicity and religion). Substantial evidence further supports the agency's finding that, even under a disfavored group analysis, petitioners failed to establish sufficient individualized risk to establish a well-founded fear of future harm. *See id.* at 978-79 (holding that petitioner failed to establish sufficient individualized risk to warrant a finding of a well-founded fear even under a disfavored group analysis). Accordingly, their asylum claims fail.

Because petitioners have not established eligibility for asylum, they necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

09-73836

Finally, petitioners do not challenge the agency's findings regarding CAT relief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (petitioner waived CAT claim when he failed to raise it in his brief).

**PETITION FOR REVIEW DENIED.**